IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| JPS Elastometrics Corporation and JPS Industries, Inc., | ) ) ) | Civil Action No. 6:11-02960-TMC |
| Plaintiffs, | ) ) ) | **OPINION & ORDER** |
| vs. | ) ) | |
| Jones Day, | ) ) | |
| Defendant. | ) ) | |

Plaintiffs, JPS Elastometrics Corporation and JPS Industries, Inc., (collectively "JPS") move this court, pursuant to Federal Rules of Civil Procedure 52 and 59(e), to alter or amend its March 12, 2013, order denying JPS's motion to amend its complaint (ECF No. 136). (ECF No. 137.) JPS supports its motion on three grounds: (1) the court committed a clear error of law in holding that JPS failed to satisfy the good cause standard for amending a scheduling order; (2) the court committed a clear error of law in holding that Jones Day would be prejudiced by the amendment; and (3) Jones Day misled the court regarding a material fact on which the court based its order. JPS also requests oral argument. Jones Day opposes the motion, characterizing it as an "improper attempt to rehash arguments thoroughly briefed and argued by the parties, and carefully considered by the Court." (ECF No. 140.)

## I. Legal Standard

The court may grant relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, at 403 (4th Cir. 1998). Accordingly, a movant must show more than "mere

disagreement" with the court's order to succeed on a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). In addition, a movant may not use a Rule 59(e) motion to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed.).

Additionally, Rule 52(b) allows a court to amend or add findings to an order.

## II. Discussion

In order to decide JPS's motion to amend, this court had to walk the tight-rope between Federal Rules of Civil Procedure 15(a) and 16(b). Rule 15(a) promotes liberal amendment standards, strongly supported by the underlying goal of deciding cases on their merits. Rule 16, however, implements a pre-trial procedure that the court relies upon for effective case management and judicial efficiency. When a motion to amend invokes both rules, the court first applies Rule 16's 'good cause' standard and then, if the motion meets that standard, the court moves on to Rule 15's more liberal 'when justice so requires' standard. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). However, even under Rule 15, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse to grant the leave without any justifying reason." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (internal quotation marks, alteration marks, and citation omitted).

Rule 16(b)'s good cause standard "focuses on the reason for [the amendment's] tardy submission," primarily looking at "the diligence of the moving party." *Montgomery v. Anne Arundel County, MD*, 182 Fed App'x 156, 162 (4th Cir. 2006). In its current motion, JPS continues to assert that Mr. Monde's January 2013 deposition testimony constituted enough

newly discovered evidence to require the court to find good cause for deviating from the scheduling order. JPS's argument rests almost entirely on its interpretation of the Fourth Circuit's unpublished opinion in *In re Lone Star Industries, Inc. Concrete R.R. Cross Ties Litigation*, 19 F.3d 1429 (4th Cir. 1994) ("*Lone Star*"). In holding that Lone Star met Rule 16(b)'s good cause standard, the Fourth Circuit analyzed two main factors: (1) the alleged new evidence, and (2) Lone Star's diligence in bringing its motion to amend.

Much like JPS, Lone Star moved to amend its complaint to add a claim based on deposition testimony elicited from a defense witness after the pleading amendment deadline. *Lone Star*, 19 F.3d at *10. However, in its motion, Lone Star claimed that the witness's testimony directly contradicted testimony from earlier witnesses.[1] *Id.* In finding that the testimony constituted "some" of the evidence Lone Star needed to prove its new claim, and therefore good cause under Rule 16(b), the Fourth Circuit relied on other cases where the plaintiff uncovered *previously unknown* facts supporting an additional cause of action. *Id.* at *11 (citing *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1044 (4th Cir. 1984); *Fortsmann v. Culp*, 114 F.R.D. 83, 86 n.1 (M.D.N.C. 1987)).

In addition, the Fourth Circuit noted that, excluding the time the case was stayed under the Bankruptcy Code, Lone Star served its motion to amend only thirty-six days after the deadline, concluding that, "[g]iven the bankruptcy, [Lone Star] appeared to be doing the best it could." *Id.*

This court evaluated the same two factors in its order denying JPS's motion to amend, and stands by its original assessment: Mr. Monde's deposition testimony did not uncover *any* previously unknown facts supporting a new cause of action and JPS was not diligent in bringing its motion to amend.

---

[1] The deposition testimony concerned kiln instability – a topic generally outside the realm of common knowledge.

JPS asserts that Mr. Monde's deposition revealed new evidence that Jones Day had evaluated whether JPS should sell EVA. (ECF No. 145, 55:15-23.) However, in oral argument, JPS repeatedly stated that it was "*always* troubled" by Jones Day's failure to advise JPS not to produce or sell EVA, (ECF No. 145, 28:3-9, 28:20-24, 29:8-14) (emphasis added), and admitted that the evidence was "within [JPS's] possession of what [they] told to Jones day," (ECF No. 145, 34:5-8). And, in its motion to amend, JPS notes that "the amendment arises from the same core of common facts as the claim now pending." (ECF No. 124, p. 1.) JPS's representations distinguish this case from *Lone Star* and lead the court to scrutinize the timing of JPS's motion to amend.

While JPS painstakingly attempts to distinguish between its originally considered and rejected "failure to advise" claim and its currently proposed "deliberately and consciously failed to advise" claim, the court views the latter as the logical extension of the former. And, based on JPS's representations at oral argument, it could have alleged the claim, in either form, in its original complaint,[2] or its first amended complaint, or it could have organized its discovery efforts in a manner likely to reveal such relevant information before the scheduling order deadline. For these reasons, the court finds that JPS was not diligent in bringing its motion to amend.

JPS also challenges the court's finding that Jones Day would be prejudiced by the amendment. "But, prejudice . . . 'is a Rule 15(a) consideration,' and the court has 'no cause' to address it where the initial Rule 16(b) requirement of diligence has not been met." *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d. 778, 784-85 (E.D.N.C. 2011) (citing

---

[2] Rule 11(b)(3) permits a party to plead factual contentions based on knowledge, information, or belief, formed after an inquiry reasonable under the circumstances, and which "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3) (emphasis added).

*Nourison Rug*, 535 F.3d at 299). Accordingly, having already found that JPS's motion fails under Rule 16(b), the court declines to re-evaluate its original prejudice finding.

Finally, JPS asserts that the court based its order on misleading information from Jones Day. Hopefully, this order's extended discussion of the court's good cause reasoning clears up any remaining confusion in that regard.

### III. Conclusion

In sum, "a court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D.Md. 2002) (internal quotation marks omitted). Rather, "the terms of the [scheduling] order must be firmly and fairly enforced by the district judge if it is to serve the purpose of pretrial management designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 954-55 (4th Cir. 1984) (quoting Fed. R. Civ. P. 1).

Therefore, after an exhaustive review of the record in this case, including the briefing of JPS's motion to amend its complaint, the transcript of the extensive oral argument held on that motion, and the briefing of the current motion, the court is unable to discern any material fact or principal of law that it overlooked or disregarded in its original order. In addition, the court finds that oral argument would not aid in its decision-making process. *See* Local Civil Rule 7.08 DSC. Thus, JPS's motion to alter or amend the court's order (ECF No. 137) is **DENIED**.

**IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              United States District Court Judge

May 8, 2013
Anderson, South Carolina